FILED
CLERK, U.S. DISTRICT COURT
9/13/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____VAV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDY AGUILAR,<br>   aka "goon2dageneral,"<br><br>    Defendant. | CR  2:22-cr-00411-FMO<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii): Distribution of Methamphetamine; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 21 U.S.C. § 853, 18 U.S.C. § 924, 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about May 27, 2021, in Los Angeles County, within the Central District of California, defendant ANDY AGUILAR, also known as "goon2dageneral," knowingly and intentionally distributed at least 50 grams, that is, approximately 53 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about June 16, 2021, in Los Angeles County, within the Central District of California, defendant ANDY AGUILAR, also known as "goon2dageneral," knowingly and intentionally distributed at least five grams, that is, approximately 52 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[18 U.S.C. § 922(a)(1)(A)]

Beginning on or before May 12, 2021, and continuing to at least on or about September 26, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANDY AGUILAR, also known as "goon2dageneral," not being licensed as an importer, manufacturer, or dealer of firearms, willfully engaged in the business of dealing in firearms, specifically, the sale of the following firearms, on or about the following dates:

| Date | Firearm(s) |
|---|---|
| 5/20/2021 | a Sig Sauer, Model P220, .45 caliber pistol, bearing serial number G154513 |
| 5/27/2021 | a Glock style, 9mm caliber pistol, bearing no serial number (commonly referred to as a "ghost gun") |
| 6/16/2021 | a Smith and Wesson, Model SD9VE, 9mm caliber pistol, bearing serial number FYC7378 |
| 7/19/2021 | a Glock, Model 22Gen4, .40 caliber pistol, bearing serial number BFFL624 |
| 8/11/2021 | a Zastava, Model NPAP M70, 7.62 caliber rifle, bearing serial number N-PAP048223; and

a Smith and Wesson, Model 39-2, 9mm caliber pistol, bearing serial number A140731 |

1                          FORFEITURE ALLEGATION ONE

2                [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3          1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal
4    Procedure, notice is hereby given that the United States of America
5    will seek forfeiture as part of any sentence, pursuant to Title 21,
6    United States Code, Section 853, Title 18, United States Code,
7    Section 924, and Title 28, United States Code, Section 2461(c), in
8    the event of the defendant's conviction of the offenses set forth in
9    either of Counts One or Two of this Indictment.
10         2.   The defendant, if so convicted, shall forfeit to the United
11   States of America the following:
12              (a)  All right, title and interest in any and all property,
13   real or personal, constituting or derived from, any proceeds which
14   the defendant obtained, directly or indirectly, from any such
15   offense;
16              (b)  All right, title and interest in any and all property,
17   real or personal, used, or intended to be used, in any manner or
18   part, to commit, or to facilitate the commission of any such offense;
19              (c)  All right, title, and interest in any firearm or
20   ammunition involved in or used in any such offense; and
21              (d)  To the extent such property is not available for
22   forfeiture, a sum of money equal to the total value of the property
23   described in subparagraphs (a), (b), and (c).
24         3.   Pursuant to Title 21, United States Code, Section 853(p),
25   and as incorporated by Title 28, United States Code, Section 2461(c),
26   the defendant, if so convicted, shall forfeit substitute property if,
27   by any act or omission of the defendant, the property described in
28   the preceding paragraph, or any portion thereof: (a) cannot be

                                        4

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                            /S/
                                        Foreperson


STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

JULIA HU
Assistant United States Attorney
Major Frauds Section